UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CHRISTOPHER TYLER, on behalf of himself and all others similarly situated, Plaintiff, - against - KEYMARK CORPORATION, Defendant. | : | Case No.: 1:26-cv-1183 (MAD/MJK) No.: __:26 Civ. ______ **CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiff Christopher Tyler, on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys Kessler Matura P.C. and the Law Offices of Raphael A. Katri, complaining of Keymark Corporation ("Defendant"), alleges as follows:

## INTRODUCTION

1. Defendant describes itself as a full-service, aluminum-extrusion company with in-house finishing capabilities including: anodizing, casting, extruding, extrusion die construction, painting, thermal barrier, thermal strut, and custom packaging. Defendant manufactures custom and stock extrusions/profiles, for use in several industries, from their facilities in Fonda, New York and Lakeland, Florida.

2. As part of Defendant's hiring process, it requires employees at its factory in Fonda ("Factory Workers") to complete an orientation that includes essential safety training and other subjects. Upon completion of the orientation, Factory Workers start the hands-on training portion of their first day working for Defendant. Although Factory Workers, work over 40 hours a week, including during their hiring weeks, Defendant excludes the Factory Workers' training time and pay from the Factory Workers' total hours for overtime purposes. As a result, Defendant did not lawfully provide its employees with the full value of their overtime wages in violation of the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., and the New York Labor Law ("NYLL"), Article 19.

3. Additionally, Defendant requires Factory Workers to work 12-hour shifts. Defendant, however, does not pay their minimum-wage-earning Factory Workers spread-of-hours pay, in violation of the NYLL and the Miscellaneous Industry Wage Order (12 N.Y.C.R.R. § 142-3.4).

4. Plaintiff now brings the First Cause of Action, pursuant to Section 216(b) of the FLSA, on behalf of all individuals employed by Defendant as a Factory Worker at any time since June 5, 2023, who elect to opt into this action (the "Collective").

5. Plaintiff brings the Second and Third Causes of Action, pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") on behalf of all individuals employed by Defendant as a Factory Worker in New York at any time since June 5, 2020, (the "NYLL Class") (together with the Collective, the "Class" or "Class Members").

**JURISDICTION & VENUE**

6. Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, et seq., 28 U.S.C. §§ 1331 and 1337.

7. This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

8. Defendant incorporated in New York and does business in Fonda, New York.

9. Accordingly, this action properly lies in the Northern District of New York, pursuant to 28 U.S.C. § 1391.

## THE PARTIES

***Plaintiff Christopher Tyler***

10. Plaintiff Christopher Tyler is an individual who resides in Montgomery County, New York.

11. Tyler was employed by Defendant as a Factory Worker, specifically a Material Handler, from about February through December 2025.

12. As a Factory Worker, Tyler was responsible for wrapping Defendant's product and, for a period of time, working the punch machine.

13. At all times relevant to the Complaint, Tyler was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

14. At all times relevant to the Complaint, Tyler was an "employee" within the meaning of N.Y. Lab. Law §§ 190(2), 651(5).

***Defendant Keymark Corporation***

15. Upon information and belief, Defendant was and still is a domestic corporation, incorporated pursuant to the laws of the State of New York.

16. Defendant's principal place of business is located at 1188 Cayadutta Street, Fonda, New York 12068.

17. Defendant operates part of its manufacturing business out of the building located at 1188 Cayadutta Street, Fonda, New York 12068.

18. Defendant is headquartered at 1188 Cayadutta Street, Fonda, New York 12068.

19. Defendant maintained control, oversight, and direction over its operations and employment practices.

20. At all times hereinafter mentioned, Defendant was and still is an "employer" within the meaning of 29 U.S.C. § 203(d).

21. At all times hereinafter mentioned, Defendant was and still is an "employer" within the meaning of N.Y. Lab. Law §§ 190(3), 651(6).

22. At all times hereinafter mentioned, Defendant employed employees, including Plaintiff, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of 29 U.S.C. §§ 203(b), (g), (i), (j), (r) & (s).

23. Defendant's annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## FLSA COLLECTIVE ACTION CLAIMS

24. Plaintiff seeks to proceed as a collective action with regard to the First Cause of Action, pursuant to 29 U.S.C. § 216(b) on behalf of himself and the Collective.

25. Upon information and belief, there are more than 100 current and former employees that are similarly situated to Plaintiff who were denied proper overtime wages.

26. Plaintiff represents other employees and is acting on behalf of Defendant's current and former employees' interests as well as his own interests in bringing this action.

27. Defendant unlawfully failed to pay Plaintiff and the Collective the full value of their overtime wages.

28. Defendant was aware or should have been aware that the law required it to pay Plaintiff and the Collective overtime wages resulting from the training time bringing the Factory Workers' weekly hours over 40.

29. The Collective is readily identifiable and locatable through Defendant's records. The Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings the Second and Third Causes of Action on behalf of himself and as a class action, pursuant to Fed. R. Civ. P. 23(a) and (b), on behalf of the NYLL Class.

31. The persons in the Class are so numerous that joinder of all members is impracticable. Although, the precise number of such persons is unknown, and facts on which the calculation of that number can be based are presently within the sole control of Defendant.

32. Upon information and belief, the size of the Class exceeds 200.

33. This matter is properly maintainable as a class action under Rule 23(b)(3). There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members of the putative Class, including but not limited to:

a. whether Defendant failed to pay overtime wages for training time;

b. whether Defendant failed to pay spread-of-hours pay; and

c. whether Defendant's failure to pay Plaintiff and the Class all earned wages due to them resulted from a reasonable, good-faith belief that its payment payroll practice complied with the NYLL.

34. Plaintiff fairly and adequately protects the interests of the Class and has no interests antagonistic to the Class.

35. Plaintiff is represented by attorneys who are experienced and competent in both class-action and employment litigation.

36. A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where an individual plaintiff lacks the financial resources to vigorously prosecute a lawsuit in court against the corporate defendant. The damages sustained by individual class members are small, compared to

the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

37. Further, Plaintiff and the Class have been equally affected by Defendant's failure to pay proper wages.

38. Members of the Class still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

39. Plaintiff's claims are typical of those of the Class. Plaintiff and the other Class Members were subjected to Defendant's policies, practices, programs, procedures, protocols, and plans alleged herein concerning the failure to pay proper wages. Plaintiff's job duties are typical of those of the class members.

## COMMON FACTUAL ALLEGATIONS

***Failure to Pay Overtime***

40. Plaintiff, the members of the NYLL Class, and Collective are victims of Defendant's common policy and plan that violated their rights under the FLSA and NYLL by failing to pay overtime premium pay for all hours worked over 40 during their first week of work in which training pay is paid at the regular rate only.

41. Plaintiff and Class Members worked in Defendant's facility in Fonda, New York.

42. As part of their first week of work for Defendant, Plaintiff and Class Members were required to complete a training orientation, hands-on training, and regular shifts of work.

43. Defendant schedules Factory Workers to work 12-hour shifts, which results in Class Members regularly working over 40 hours a week.

44. For example, Plaintiff's first workweek period started on February 2, 2025, and ended on February 8, 2025.

45. During this period, he punched in and out for the following six-hour shift, on his first day, and subsequent 12-hour shifts:

**Time Card Detail**

| DATE | IN | OUT | IN | OUT | TOTAL |
|---|---|---|---|---|---|
| WED 02/05 | 10:58AM | 5:00PM | | | 6.00 |
| THU 02/06 | 4:52AM | 5:03PM | | | 12.15 |
| FRI 02/07 | 4:51AM | 5:00PM | | | 12.15 |
| SAT 02/08 | 4:55AM | 5:00PM | | | 12.05 |

46. Plaintiff also completed the training orientation lasting about one hour and 45 minutes.

47. Defendant, however, only paid Plaintiff 2.35 hours at the applicable overtime rate, even though he worked 44.1 total hours (4.1 overtime hours) during that work week.

48. Defendant paid Plaintiff for 1.75 hours at his regular rate.

49. Plaintiff started on the same day as about five other Class Members.

50. Plaintiff and his fellow Class and Collective Members are non-exempt, hourly-paid employees entitled to overtime pay.

51. Plaintiff, the members of the Class, and Collective were not paid overtime wages for all hours worked during their first week of work.

***Failure to Pay Spread-of-Hours Pay***

52. Defendant paid Plaintiff and other members of the NYLL Class at the minimum wage.

53. For example, Plaintiff was paid $15.50 an hour for his regular hours in 2025.

54. At the time, the minimum wage for employees in Montgomery County was $15.50.

55. Plaintiff and other Class Members earning the minimum wage were entitled to spread-of-hours pay when he worked shifts lasting over 10 hours.

56. Despite requiring Factory Workers, including Plaintiff, to work over 10 hours per shift, Defendant failed to pay such employees an additional hour of pay at the minimum wage.

57. For example, during his first week of employment, Plaintiff worked three shifts lasting over 10 hours and was only paid as follows:

| Earnings | rate | hours | this period |
|---|---|---|---|
| Regular | 15.5000 | 40.00 | 620.00 |
| Overtime | 23.2500 | 2.35 | 54.64 |
| Training | 15.5000 | 1.75 | 27.13 |
| | Gross Pay | | $701.77 |

***Willfulness***

58. Defendant was or should have been aware that the FLSA and NYLL required that all working hours over the course of a workweek must be counted for overtime purposes.

59. Defendant was or should have been aware that the NYLL required that all minimum-wage employees working over 10 hours per shift were entitled to spread-of-hours pay.

60. Defendant is a large, sophisticated corporation, which touts employing over 700 employees.

61. Defendant has been in business for over 70 years.

62. At all times relevant, Defendant's unlawful policy and pattern or practice have been either willful or in the absence of good faith.

63. Defendant's unlawful conduct has been widespread, repeated, and consistent.

**FIRST CAUSE OF ACTION**
**FLSA – Overtime Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

64. Plaintiff incorporates by reference all preceding allegations.

65. Plaintiff and members of the Collective are employees entitled to be paid at the full overtime rate for all hours over 40 in a workweek.

66. Defendant employed Plaintiff and members of the Collective for workweeks in which Plaintiff and members of the Collective were not paid at the proper overtime rate for all hours worked.

67. Defendant failed to make a good faith effort to comply with the FLSA with respect to compensating Plaintiff and the FLSA Collective.

68. Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

69. As a consequence of the willful underpayment of wages, alleged above, Plaintiff and members of the FLSA Collective incurred damages thereby and Defendant is indebted to them in the amount of the unpaid minimum wages, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
**NYLL – Overtime Wages**
**(Brought on behalf of Plaintiff and the Class)**

70. Plaintiff incorporates by reference all preceding allegations.

71. Plaintiff and Class Members are employees entitled to be paid at the full overtime rate for all hours over 40 in a workweek.

72. Defendant employed Plaintiff and Class Members for workweeks in which Plaintiff and Class Members were not paid at the proper overtime rate for all hours worked.

73. By the course of conduct set forth above, Defendant violated N.Y. Lab. Law § 650, *et seq.*; 12 N.Y.C.R.R. §§ 142-2.1, 2.9.

74. Defendant had a policy and practice of refusing to pay the proper overtime wage.

75. Defendant's failure to pay overtime compensation at the proper rate to Plaintiff and the Class was willful or otherwise lacked sufficient good faith within the meaning of N.Y. Lab. Law § 663.

76. As a consequence of the willful underpayment of wages, alleged above, Plaintiff and Class Members incurred damages thereby and Defendant is indebted to them in the amount of the unpaid wages and such other legal and equitable relief due to Defendant's unlawful and willful conduct, as the Court deems just and proper.

77. Plaintiff, on behalf of himself and the Class, seek recovery of liquidated damages, attorneys' fees, and costs to be paid by Defendant as provided by the NYLL.

**THIRD CAUSE OF ACTION**
**NYLL – Spread-of-Hours Pay**
**(Brought on behalf of Plaintiff and the Class)**

78. Plaintiff incorporates by reference all preceding allegations.

79. Plaintiff and Class Members worked shifts in which the spread of hours exceeded 10 hours, as defined by 12 N.Y.C.R.R. § 146-1.6.

80. Throughout the six years prior to the filing of this Class Action Complaint there have been times in which Plaintiff and Class Members were entitled to an additional hour of pay at the "basic minimum hourly rate," as defined by 12 N.Y.C.R.R. §§ 146-1.2(1)-(2).

81. Defendant failed to pay Plaintiff and Class Members one additional hour pay at the basic minimum wage rate for each day the spread of hours exceeded 10 hours, in violation of N.Y. Lab. Law §§ 650, et seq., as codified by 12 N.Y.C.R.R. § 146-1.6.

82. Defendant's failure to pay Plaintiff and the Class an additional hour of pay for each day where the spread of hours exceeded 10 was not done in good faith within the meaning of N.Y. Lab. Law § 663.

83. As a result, Defendant owes Plaintiff and the Class their unpaid spread-of-hours pay, together with liquidated damages, interest, attorneys' fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks the following relief:

A. The Court, at the earliest possible time, certify this case as a collective action, authorize the issuance of notice to the Collective, and permit putative Collective members to opt into this action;

B. Certification of this case as a class action pursuant to Rule 23;

C. Designation of Plaintiff as the class representative, and counsel of record as class counsel;

D. Unpaid overtime wage under the FLSA and NYLL;

E. Unpaid spread-of-hours pay under the NYLL;

F. Liquidated damages;

G. Pre-judgment interest and post-judgment interest as provided by law;

H. Appropriate equitable and injunctive relief to remedy violations;

I. Attorneys' fees and costs of the action;

J. A declaratory judgment that the practices complained of are unlawful;

K. A reasonable incentive award for Plaintiff to compensate him for the time he spent and for the risks he took attempting to recover wages for the Class;

L. Any other injunctive and equitable relief as this Court deems just and proper; and,

M. Such other relief as this Court deems just and proper.

Dated: Melville, New York
June 5, 2026

Respectfully submitted,

By: ______________________
Garrett Kaske

**KESSLER MATURA P.C.**
Troy L. Kessler (#702019)
Garrett Kaske (#702393)
534 Broadhollow Road, Suite 275

Melville, NY 11747
Telephone: (631) 499-9100
tkessler@kesslermatura.com
gkaske@kesslermatura.com

**LAW OFFICES OF RAPHAEL A. KATRI**
Raphael Katri (#702175)
8549 Wilshire Blvd., Ste. 200
Beverly Hills, CA 90211
Telephone: (310) 940-2034
rkatri@gmail.com

***Attorneys for Plaintiff and the Putative Collective and Class***